**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BELLAGIO, LLC,

        Plaintiff,

vs.

PAUL KEMSLEY,

        Defendant.

Case No. 2:13–cv–1974–RFB–VCF

**ORDER**

    This matter involves the Bellagio's breach-of-contract action against Paul Kemsley. (*See generally* Compl. #1 at 6–8[1]). Before the court is the Bellagio's Motion for Case-Terminating Discovery Sanctions (#22[2]). Kemsley opposed (#25); and the Bellagio replied (#26). For the reasons stated below, the Bellagio's motion is denied.

**BACKGROUND**

    On June 14, 2009, Paul Kemsley signed a casino marker at the Bellagio for $3,695.000.00. When the Bellagio presented the marker to Kemsley's bank, it was dishonored. Now, the Bellagio is attempting to collect on its debt. Kemsley defends against the Bellagio's claim by asserting that his January 2012 bankruptcy proceeding in the United Kingdom discharged him of his debt to the Bellagio.

    The parties are currently in the midst of discovery. Kemsley, who resides in Los Angeles and travels the globe frequently, has repeatedly refused to appear for a deposition. Kemsley was first scheduled to be deposed on October 24, 2014; but he later realized that he was scheduled to visit his daughters on

---

[1] Parenthetical citations refer to the court's docket.
[2] Bellagio styled this motion as a Motion for Entry of Default.

1

that date in the United Kingdom. His deposition was rescheduled for November 20, 2014; but Kemsley contracted an upper respiratory infection and could not travel from Los Angeles to Las Vegas.

However, Plaintiff's Counsel boarded a plane *en route* to Las Vegas, Nevada, before Kemsley notified the Bellagio of his unavailability. As a result, Plaintiff's Counsel unnecessarily incurred between $6,500.00 and $11,442.32 in fees and costs.[3] Kemsley then proposed a series of dates on which he was available to be deposed but, Kemsley contends, the Bellagio never responded. Rather, on December 15, 2014, the Bellagio filed the instant motion for case-terminating sanctions. In opposition to the motion, Kemsley states that he is available to be deposed "at any time between January 22, 2015 and February 23, 2015." (Def.'s Opp'n (#25) at 16:16–17).[4]

## LEGAL STANDARD

At the pretrial stage, there are three sources of authority under which a district court can impose case-dispositive sanctions for discovery abuses: the inherent power of federal courts to levy sanctions in response to abusive litigation practices and the availability of sanctions under Federal Rules of Civil Procedure 16(f) and 37.

Rule 16(f) provides that "the court may issue any just order," including those authorized by Rule 37(b)(2)(A), in response to a party's failure to obey a pretrial order. FED. R. CIV. P. 16(f)(1)(C). If sanctions are awarded under Rule 16(f), "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance," unless the noncompliance was substantially justified or other circumstance make an award of expenses unjust. FED. R. CIV. P. 16(f)(2).

---

[3] The parties disagree on the amount that Plaintiff's Counsel incurred.
[4] Kemsley's availability after February is limited because he is getting married in March.

2

Rule 37(b)(2)(A) provides for additional sanctions. It states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Rule 16 sanctions exist "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (emphasizing that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

When deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (per curiam) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 (1976) (per curiam). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. District courts have discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990).

The court has broad discretion in controlling discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Indeed, the court may fashion any order which justice requires. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

3

**DISCUSSION**

The Bellagio's Motion for Case-Terminating Sanctions is denied. At this time, none of the *Nat'l Hockey League* factors favor case-terminating sanctions. This instant discovery dispute has only been pending since October 14, 2014. Accordingly, neither the public's interest in expeditious resolution of litigation nor the court's need to manage its docket has been impacted. Additionally, less drastic sanctions, including monetary sanctions and striking portions of Kemsley's answer, are available. The availability of these sanctions strongly militate against imposing sanctions because case-terminating sanctions would severely prejudice Kemsley and circumvent the public policy favoring disposition of cases on their merits.

Therefore, the court denies the Bellagio's motion for sanctions with leave to renew. As outlined below, the parties must meet and confer and select a date before February 23, 2015 for Kemsley's deposition. The court will hold a status conference on February 23, 2015. If Kemsley has been deposed, the parties may stipulate to vacate the hearing. If Kemsley has not been deposed, the court will hear oral argument on the Bellagio's motion for sanctions. At the time, the court will considering imposing case-terminating sanctions and/or less drastic sanctions.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Bellagio's Motion for Case-Terminating Discovery Sanctions (#22) is DENIED with leave to renew.

IT IS FURTHER ORDERED that Paul Kemsley's request for oral argument is DENIED. *See* LR 78-2.

IT IS FURTHER ORDERED that the parties MEET AND CONFER and select a date before February 23, 2015 for Kemsley to be deposed.

IT IS FURTHER ORDERED that Paul Kemsley APPEAR for a deposition in this matter before February 23, 2015.

IT IS FURTHER ORDERED that a STATUS HEARING is set for February 24, 2015, at 3:00 p.m. in Courtroom 3D. If Paul Kemsley has not been deposed by February 23, 2015, he is ordered to attend the hearing in person at which point the court will entertain the Bellagio's motion for sanctions.

IT IS SO ORDERED.

DATED this 26th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5